■ ALTA CAPITAL PARTNERS INTERNATIONAL LLC et al., Respondents, v PARSONS CAPITAL LLC et al., Appellants. [65 NYS3d 138]—

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered June 9, 2017, which, to the extent appealed from, denied defendants' motion to dismiss plaintiffs' first cause of action for breach of contract, seeking a $200,000 "success fee," unanimously reversed, on the law, without costs, and the motion granted.

Because the language of the parties' engagement agreement did not grant, let alone unequivocally express an intent to grant, plaintiffs an exclusive right to purchase on defendants' behalf, plaintiffs were not entitled to a success fee. The engagement agreement, dated May 25, 2016, provided, "Parsons . . . ('Buyer') . . . engages [plaintiffs] (together, 'Advisor') commencing as of the date hereof, to act as its exclusive financial advisor (other than for a NASDAQ-listed services company and an NYSE-listed basic materials company that Buyer is already pursuing) for investment banking services, including all types of mergers, acquisitions, . . . and other business combinations."

In *Morpheus*, the Court of Appeals held that "a contract giving rise to an exclusive right of sale must clearly and expressly provide that a commission is due upon sale by the owner or exclude the owner from independently negotiating a sale" (*Morpheus Capital Advisors LLC v UBS AG*, 23 NY3d 528, 535 [2014]). This reasoning also applies in the investment banking context (*id.* at 536).

Nothing in the engagement agreement "clearly and expressly" precluded defendants from closing on a transaction they found on their own (*see id.* at 535; *Miron Props., LLC v Eberli*, 126 AD3d 479, 479 [1st Dept 2015], *lv denied* 26 NY3d 911 [2015] [applying *Morpheus* to affirm the motion court's determination that a plaintiff who had been engaged by a purchaser was not entitled to a commission where the "brokerage agreement did not clearly provide plaintiff with the exclusive right to deal on defendant('s) behalf, and plaintiff did . . . nothing to procure the transaction or even . . . bring the property to the purchaser's attention" (citation omitted)]). Accordingly, as it is undisputed that plaintiffs did not work on

the Lightbridge transaction, the motion court's order denying defendants' motion to dismiss plaintiffs' cause of action for breach of contract was in error. Concur—Acosta, P.J., Tom, Webber, Gesmer and Singh, JJ.